SECURITIES AND EXCHANGE COMMISSION, Appellee

v.

E-SMART TECHNOLOGIES, INC., et al., Appellees

Mary A. Grace, Appellant

No. 16-5156

Consolidated with 16-5157

September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed: 11/07/2016

**1:11-cv-00895-JEB**

Emily True Parise Rosen, Attorney, John Wallace Avery, Senior Litigation Counsel, Kenneth J. Guido, Jr., U.S. Securities and Exchange Commission (SEC), Offfice of the General Counsel, Washington, DC, for Plaintiff–Appellee.

Christopher Cooke, Esq., San Mateo, CA, Christina Heischmidt, Dunlap Bennett & Ludwig PLLC, Leesburg, VA, for Defendants–Appellees.

Tamio Saito, Pro Se.

Mary A. Grace, Pro Se.

BEFORE: Rogers, Srinivasan, and Wilkins, Circuit Judges

**ORDER**

Per Curiam

Upon consideration of the motion to dismiss in part and for partial summary affirmance, the opposition thereto, the reply, and the Rule 28(j) letters, it is

**ORDERED** that the motion be granted. The district court's January 14, 2016 order was final and appealable, see 28 U.S.C. § 1291; Cincinnati Ins. Co. v. All Plumbing, Inc., 812 F.3d 153, 156 (D.C. Cir. 2016), and the notice of appeal was untimely as to that order because it was filed more than 60 days after entry of the order, see Fed. R. App. 4(a)(1)(B). Appellants' motion for sanctions did not toll the time to file a notice of appeal. See Fed. R. App. P. 4(a)(4). The notice of appeal was timely as to the orders denying the motions for sanctions and reconsideration, but summary affirmance of those orders is warranted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court did not abuse its discretion in denying the motions for sanctions and reconsideration. See Giles v. Transit Emps. Fed. Credit Union, 794 F.3d 1, 14–15 (D.C. Cir. 2015); Lucas v. Duncan, 574 F.3d 772, 775 (D.C. Cir. 2009); Ark Initiative v. Tidwell, 749 F.3d 1071, 1075 (D.C. Cir. 2014).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.